The opinion of the Court toas delivered by

Mr. Justice Richardson.

The essential facts in this case are, that the defendants, be* Ing the administrators of George Brown, who had been the surety of Sarah Humphries, (the administratrix) having been cited before the ordinary, to give an account of her administration, the judge, after a judicial hearing, decreed the sum of one hundred and fifty dollars to he due by the said Sarah Humphries.
And the ti-ue question is, whether the Circuit Court ought to have regarded the charge of irregularity in the proceedings before the ordinary, or that of the want of sufficient evidence before him, as matter to invalidate the decree.
It is not pretended that the ordinary went beyond his jurist diction; and we are not at liberty to enquire into the justice o? injustice of the judgment of a court of competent jurisdiction; at least, when introduced collaterally, or as evidence. Such judgments being final and conclusive between the parties, can be revived only by direct appeal, or writ of error.. Any other' .rule would indeed be productive of endless uncertainty, and: render the judgment of a court, instead of the end,, the mere b.e-*‘ ginning of litigation. Stark, vs. Woodward, 1 Nott & M'Cord, 329; and Brown, vs. Gibson, 326; 11th State Tri. 261. In addition to a principle so well established, this court-,has. decided, in the case of the ordinary, vs. Williams and Parkman, 1 Nott & M‘Cord, 587, that before the principal 'or surcfiés can be. *33 ■sued in an administration bond, they must first have been cited before the ordinary, and his decree made. Now, for what purpose is this preliminary suit before the ordinary required, if not to settle the amount due by the administrator? But to send the parties there, in order to account, and then' to investigate the same subject here, would render that decision absurd, and would introduce indirectly, the practice of calling administrators to account in this court; to avoid which, and to keep them, as well as executors, before the proper tribunal, was the very object of that decision.
There is therefore, no ground for either motion, and the decree of the ordinary having been acquiesced in at the time, is conclusive, and both motions are-dismissed.
Huger, Johnson, Mott, Colcock, Justices concurred.